UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DC CENTER FOR INDEPENDENT LIVING**, *et al.*,<br><br>　Plaintiffs,<br><br>　v.<br><br>**DISTRICT OF COLUMBIA**, *et al.*,<br><br>　Defendants. | Civil Action No. 1:22-cv-03541-JMC |

## JOINT REPORT PURSUANT TO LOCAL RULE 16.3

In accordance with Fed. R. Civ. P. 26(f), LCvR 16.3, and the Court's March 25, 2024 Minute Order, Plaintiffs and Defendants District of Columbia and Mayor Muriel Bowser (the District of Defendants) (collectively, the Parties) submit the following report and proposed scheduling order. Pursuant to Rule 26(f), the Parties conferred by video conference on April 4, 2024. An initial scheduling conference is set for April 25, 2024.

> (1) *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.*

By Plaintiffs: Currently, given the Court's denial of the Defendants' motion to dismiss, the case is not likely to be dismissed by dispositive motion at this time. Plaintiffs do not know whether further dispositive motions will be filed once discovery is complete.

By Defendants: Defendants believe the case is likely to be disposed of on motions for summary judgment. Defendants' proposed briefing schedule is set forth below in Paragraph 6 and in the attached Defendants' Proposed Scheduling Order (Exhibit A).

1

*(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The Parties propose October 25, 2024, as the deadline to add parties or amend the pleadings. At this time, the Parties have not identified areas for narrowing the pending factual or legal issues.

*(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The Parties do not request assignment to a magistrate judge.

*(4) Whether there is a realistic possibility of settling the case.*

Plaintiffs are open to settling this case. Counsel for Plaintiff has settled dozens of ADA cases, including many involving municipalities. In the experience of Plaintiffs' counsel, settlement talks are most effective once an expert report has been propounded. However, Plaintiffs are open to settlement dialogue at any time.

Defendants may be open to settlement discussions as well, but anticipate that such conversations would be more productive once discovery has been exchanged.

*(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

The Parties do not believe that this case would benefit from ADR at this stage of the litigation. Plaintiffs contend that the case would benefit from a settlement conference through the Court's alternative dispute resolution process later in the litigation, once expert reports have been exchanged. Defendants may be open to ADR at a later stage in the litigation.

*(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

Plaintiffs may file summary judgment motions. Plaintiffs propose a filing deadline of

**July 18, 2025**, that any opposition memorandum be filed within thirty (30) days of the date the motion was filed, and any reply be filed no more than fourteen (14) days thereafter.

Defendants expect to move for summary judgment. Defendants propose cross-motions for summary judgment pursuant to the following schedule: a filing deadline of July 18, 2025 for Plaintiffs' motion for summary judgment, a deadline of August 15, 2025 for Defendants' cross-motion and opposition, a deadline of September 12, 2025 for Plaintiffs' opposition and reply, and a deadline of September 26, 2025 for Defendants' reply.

Plaintiffs object to Defendants' proposal that the filing of dispositive motions be staggered.

(7) *Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The Parties propose the exchange of initial disclosures no later than May 23, 2024.

(8) *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

Defendants anticipate significant document discovery and multiple depositions on each side, but presently do not anticipate the need for any limitations on discovery other than those provided by the Federal Rules of Civil Procedure. The Parties propose that fact discovery close January 29, 2025.

The Parties agree that a protective order governing confidential information, including Plaintiffs' medical records and some documents in the possession of Defendants, is appropriate. Counsel for the Parties will work together to draft a protective order and submit it to the Court for review as soon as practicable after entry of the discovery schedule. The Parties agree to provide 30 days' notice of any Rule 30(b)(6) deposition to allow time for the Parties to reach

agreement about the scope of the deposition and for Parties to identify appropriate witness(es).

> (9) *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.*

The Parties agree to produce ESI either in native format rendered to TIFF images with a cross-reference load file or as text-searchable Adobe PDF files.  In the event metadata is desired by a receiving party but cannot reasonably be produced via these methods, the Parties will confer in good faith and attempt to resolve the issue on a case-by-case basis.  To the extent either side seeks the production of email or other electronic communications, the Parties agree that they will confer in good faith and establish reasonable search parameters, including search terms, custodians, and time periods; the Parties further agree that they will establish a timetable for the production of responsive information that takes into consideration the volume of materials to be searched and the total number of responsive documents to be produced.  The Parties do not currently contemplate disputed issues about the disclosure, discovery, or preservation of ESI.

> (10) *Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.*

As discussed above, the Parties intend to negotiate a protective order concerning the exchange of confidential information.  The Parties do not request an order at this time concerning privilege and agree to confer in good faith regarding such issues should they arise during the course of the litigation.

> (11) *Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.*

The Parties propose that initial expert reports be exchanged March 28, 2025, rebuttal expert reports or statements be exchanged by May 9, 2025, and discovery related to experts be

completed by June 13, 2025.

Plaintiffs request that the requirement related to the provision of a written expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(C) be dispensed with as to Plaintiffs' treating physician(s) or other healthcare providers. Defendants oppose this request at this time.

- (12) *In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

  Not applicable.

- (13) *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

  Other than the bifurcation of discovery into fact discovery and expert discovery as set forth above, the Parties do not anticipate that bifurcation of this case will be necessary.

- (14) *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

  The Parties propose that a pretrial conference date be selected after dispositive motions have been decided.

- (15) *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

  The Parties propose that the trial date be set at the pretrial conference.

- (16) *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

  None at this time.

  Dated this 18th day of April, 2024.

Respectfully Submitted,

*/s/ Maia Goodell*
VLADECK, RASKIN & CLARK, P.C.
Maia Goodell

        111 Broadway, Suite 1505
        New York, NY 10006
        T: (212) 403-7300; F: (212) 221-3172
        mgoodell@vladeck.com

        \*\*\*AND\*\*\*

        */s/ Garret S. DeReus*
        Garret S. DeReus

        BIZER & DEREUS, LLC
        Attorneys for Plaintiff
        Andrew D. Bizer (LA # 30396)\*
        andrew@bizerlaw.com
        Garret S. DeReus (LA # 35105)\*
        gdereus@bizerlaw.com
        3319 St. Claude Ave.
        New Orleans, LA 70117
        T: 504-619-9999; F: 504-948-9996
        \*admitted *pro hac vice*

        *Counsel for Plaintiffs*

        BRIAN L. SCHWALB
        Attorney General for the District of
        Columbia

        STEPHANIE E. LITOS
        Deputy Attorney General
        Civil Litigation Division

        */s/ Matthew R. Blecher*
        MATTHEW R. BLECHER
        Chief, Civil Litigation Division, Equity
        Section

        */s/ Honey Morton*
        HONEY MORTON [1019878]
        Assistant Chief, Equity Section

        */s/ Helen M. Rave*
        PAMELA A. DISNEY [1601225]
        HELEN M. RAVE [90003876]
        Assistant Attorneys General
        Civil Litigation Division
        400 6th Street, NW

                        Washington, D.C. 20001
                        Phone: (202) 735-7520
                        Email: helen.rave@dc.gov

*Counsel for Defendants*

Case 1:22-cv-03541-JMC   Document 22   Filed 04/18/24   Page 8 of 8