UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DC CENTER FOR INDEPENDENT LIVING, et al., | |
| Plaintiffs, | Civil Action No. 22-3541 (JMC) |
| v. | |
| DISTRICT OF COLUMBIA, et al., | |
| Defendants. | |

## SCHEDULING ORDER

**I.    DISCOVERY AND CASE DEADLINES**

It is hereby **ORDERED** that the Parties shall adhere to the following deadlines:

| | |
|---|---|
| Initial Disclosures:[1] | May 23, 2024 |
| Amended Pleadings/Joinder of Additional Parties: | October 25, 2024 |
| Close of Fact Discovery: | January 29, 2025 |
| Exchange of Initial Expert Reports: | March 28, 2025 |
| Exchange of Rebuttal Expert Reports: | May 9, 2025 |
| Close of Expert Discovery: | June 13, 2025 |

It is further **ORDERED** that the Parties shall appear via Zoom for a post-discovery status conference on **June 17, 2025**, at **10:00 A.M.**

**II.    DISCOVERY REQUESTS AND DEPOSITIONS**

Absent any agreement of the Parties or order of the Court to the contrary, the Parties shall be limited to 10 depositions per side and 25 interrogatories per party.

---

[1] The Parties may extend or adjust the deadlines for their Rule 26(a)(1) and (a)(2) disclosures by agreement, without seeking leave of the Court, so long as the new deadlines do not affect the close of discovery.

1

### III.     ELECTRONICALLY STORED INFORMATION (ESI)

Pursuant to the Parties' agreement, the Parties shall produce ESI either in native format rendered to TIFF images with a cross-reference load file or as text-searchable Adobe PDF files. In the event metadata is desired by a receiving party but cannot reasonably be produced via these methods, the Parties will confer in good faith and attempt to resolve the issue on a case-by-case basis. To the extent either side seeks the production of email or other electronic communications, the Parties agree that they will confer in good faith and establish reasonable search parameters, including search terms, custodians, and time periods; the Parties further agree that they will establish a timetable for the production of responsive information that takes into consideration the volume of materials to be searched and the total number of responsive documents to be produced.

### IV.     PROTECTIVE ORDERS AND FILING UNDER SEAL

The Parties may not rely solely on confidential designations under a protective order to file documents under seal. Accordingly, all protective orders submitted to the Court for entry must specify that a party is required to file a motion seeking leave of the Court to file confidential materials under seal. The Court will not allow documents to be filed under seal by notice. Before moving to file under seal materials subject to a protective order, the moving party must confer with the opposing party and provide the results of that conferral process in the motion to seal, as well as include argument supporting the moving party's position that sealing is appropriate beyond the fact that the information was subject to a confidential designation in discovery. Depending on the nature of the document at issue, the Court may require the moving party to file a redacted version of the document on the public docket.

### V.     DISCOVERY DISPUTES

If, after conferring in good faith, the Parties are unable to resolve a discovery dispute, the Parties should file a joint motion on the docket captioned "Joint Motion Requesting

Teleconference." The joint motion should provide a short description of the issue in dispute and each party's respective position (no more than two paragraphs per party), as well as provide at least three dates and times that the Parties are jointly available for an on-the-record telephone conference. If the dispute arises from specific requests for discovery, the Parties should file the relevant discovery requests as attachments to their joint motion. The Parties should not call or email Chambers regarding any discovery disputes.

## VI. COMMUNICATIONS WITH CHAMBERS

The Parties are to communicate with the Court by motion, opposition, reply, or notice, including for requests to reschedule hearing dates.

## VII. MEDIATION

The Court encourages the Parties to mediate their case with a Magistrate Judge or through the Mediation Program of the Circuit Executive's Office. If, at any point, the Parties desire to engage in mediation, the Parties should file a joint request captioned "Joint Motion for Mediation," and the Court will make the requested referral.

**SO ORDERED**.

DATE: May 2, 2024

_____
Jia M. Cobb
U.S. District Court Judge