## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DC CENTER FOR INDEPENDENT LIVING,** *et al.*,<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br><br>    **Defendants.** | **Civil Action No. 1:22-cv-03541-JMC** |

### DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' COMPLAINT

Defendants District of Columbia and Muriel Bowser (collectively, the District), answer Plaintiffs' Complaint (Complaint) as follows.

### DEFENSES

The District asserts and preserves the following defenses based on information currently available. The District reserves the right to withdraw these defenses or assert additional defenses as further information becomes available.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants, at all relevant times, acted consistently with applicable laws, rules, regulations, and constitutional provisions.

### THIRD DEFENSE

The District denies all allegations of wrongdoing including, but not limited to, any alleged violations of statutory and common law, and further denies that Plaintiffs are entitled to any relief.

## FOURTH DEFENSE

The doctrines of waiver, estoppel, unclean hands, and/or laches equitably bar Plaintiffs from seeking some or all the relief sought in the Complaint.

## FIFTH DEFENSE

If Plaintiffs were damaged as alleged in the Complaint, said damages were not proximately or legally caused by the District or its employees, agents, or servants acting within the scope of their employment.

## SIXTH DEFENSE

The District of Columbia, its agents, servants, and employees, acting within the course and scope of their employment, have performed their obligations, if any, toward Plaintiffs in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

## SEVENTH DEFENSE

The Complaint should be dismissed, in whole or in part, because the injunctive relief requested by Plaintiffs exceeds the scope of their claims.

## EIGHTH DEFENSE

Plaintiffs are not entitled to any declaratory or equitable relief from this Court because of their own actions or inactions and because the District has not violated any statutory or constitutional rights.

## NINTH DEFENSE

Attorney's fees and costs are not available against the District in this case.

## TENTH DEFENSE

Plaintiffs' claims against the District of Columbia may be barred by sovereign immunity or the public duty doctrine.

**ELEVENTH DEFENSE**

Plaintiffs lack standing to seek prospective equitable relief.

**TWELFTH DEFENSE**

To the extent Plaintiffs are seeking any specific alterations, such alterations are infeasible, would result in a fundamental alteration, or would cause undue financial or administrative burdens.

## ANSWER TO PLAINTIFFS' COMPLAINT

The District responds to the separately numbered paragraphs contained in the Complaint below.  To the extent any allegation is not admitted, it is denied.  Further, to the extent the Complaint refers to, construes, or quotes from external documents, statutes or other sources, although in response the District may refer to such materials for their accurate and complete contents, the District's references are not intended to be, and should not be construed as, an admissions that the referenced materials:  (1) are correctly cited, construed, quoted or referred to by Plaintiffs; (2) are relevant to this, or any other, action; or (3) are admissible in this, or any other, action.

**COMPLAINT[1]**

**INTRODUCTION**

Pages 1–2 of the Complaint contain a lengthy, argumentative, and self-serving summary of Plaintiffs' claims.  To the extent a response to this section of the Complaint is required, the District denies all allegations and denies any wrongdoing.

---

[1]     The headings included below correspond to the headings in the Complaint and are provided to assist the Court in reviewing the Answer.  All allegations in the headings—express or implied—are denied.

## JURISDICTION AND PARTIES

1.      This paragraph consists of legal conclusions.  To the extent a response is required, the District denies the allegations in this paragraph.

2.      This paragraph consists of legal conclusions.  To the extent a response is required, the District denies the allegations in this paragraph.

3.      This paragraph consists of legal conclusions.  To the extent a response is required, the District denies the allegations in this paragraph.

      A.      <u>D.C. Center for Independent Living</u>

4.      Defendants lack sufficient information to admit or deny the allegations in this paragraph.

5.      Defendants lack sufficient information to admit or deny the allegations in this paragraph.

6.      Defendants lack sufficient information to admit or deny the allegations in this paragraph.

7.      Defendants lack sufficient information to admit or deny the allegations in this paragraph.

8.      Defendants lack sufficient information to admit or deny the allegations in this paragraph.

9.      Defendants lack sufficient information to admit or deny the allegations in this paragraph.

10.      Defendants lack sufficient information to admit or deny the allegations in this paragraph.

11.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

B.    <u>Dupont East Civil Action Association</u>

12.    Defendants lack sufficient information to admit or deny the allegations in this paragraph and the allegations in footnote 1.

13.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

14.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

C.    <u>Dana Bolles</u>

15.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

16.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

17.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

D.    <u>Theodosia Robinson</u>

18.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

19.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

20.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

E.    Defendants

21.    Defendants admit that the District has a Department of Transportation, but lacks sufficient information to admit or deny the remaining allegations in this paragraph in light of the vague phrase "management of transportation infrastructure."

22.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, in light of the vague terms "responsible," "public on-street parking," and "street design."

23.    Defendants admit the allegations in this paragraph.

24.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

25.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

26.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

27.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

## **BACKGROUND**

28.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, in light of the vague term "design," "controls," and "constructs."

29.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, including all allegations in sub-paragraphs (a)–(c).

30.    This paragraph contains factual characterizations.  To the extent a response is required, the District denies the allegations in this paragraph.

31.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

32.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants state that the cited census document is the best evidence of its own contents, and Defendants lack sufficient information to admit or deny the allegations in this paragraph.

33.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants state that the cited report is the best evidence of its own contents, and Defendants lack sufficient information to admit or deny the allegations in this paragraph.

34.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants state that the cited report is the best evidence of its own contents, and Defendants lack sufficient information to admit or deny the allegations in this paragraph.

35.     This paragraph contains factual characterizations.  To the extent a response is required, the District denies the allegations in this paragraph.

36.     Defendants admit that DDOT was created by the District Department of Transportation Establishment Act of 2002, but lack sufficient information to admit or deny the remaining allegations in this paragraph in light of the vague terms "transportation infrastructure and operations."

37.     Defendants state that the cited document is the best evidence of its contents.  To the extent a response is required, the District admits the allegations in this paragraph.

38.     Defendants state that the cited document is the best evidence of its contents.  To the extent a response is required, the District admits the allegations in this paragraph.

39.     Defendants state that the cited document is the best evidence of its contents.  To the extent a response is required, the District admits the allegations in this paragraph.

40.     Defendants state that the cited document is the best evidence of its contents.  To the extent a response is required, the District admits the allegations in this paragraph.

41.     Defendants state that the cited document is the best evidence of its contents.  To the extent a response is required, the District admits the allegations in this paragraph.

42.     This paragraph contains factual characterizations.  To the extent a response is required, the District denies the allegations in this paragraph.

43.     This paragraph contains factual characterizations.  To the extent a response is required, the District denies the allegations in this paragraph.

44.     The District admits that prior to the construction of bicycle lanes on 17th Street, community members raised parking accessibility concerns to DDOT employees.  The second sentence of this paragraph contains factual characterizations; to the extent a response is required, the District denies the allegations in this sentence.

45.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, the District denies the allegations in this paragraph.

46.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, the District denies the allegations in this paragraph.

I.     <u>Newly Installed Bicycle Lanes Create Accessibility Barriers to Curb Access and Remove Already Inadequate Accessible Parking.</u>

47.     Defendants admit the allegations in this paragraph.

48.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants state that the cited oversight responses are the best evidence of their own contents, and Defendants deny the remaining allegations in this paragraph.

8

49.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

50.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

A.     The New Street Design for 17th Street NW Decreases Accessibility

51.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants admit that there are stores, restaurants and retailers on 17th Street NW between Massachusetts Avenue and T Street, and deny the remaining allegations in this paragraph.

52.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

53.     Defendants deny the allegations in this paragraph.

54.     Defendants deny the allegations in this paragraph.

55.     Defendants deny the allegations in this paragraph.

56.     Defendants deny the allegations in this paragraph.

57.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants deny the allegations in this paragraph.

58.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants deny the allegations in this paragraph.

59.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants deny the allegations in this paragraph.

60.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants deny the allegations in this paragraph.

61.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

62.     This paragraph contains factual characterizations and conclusions.  Defendants state that the photograph is the best evidence of its own contents and deny all other characterizations.

63.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

64.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

65.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

66.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

67.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

68.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

69.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

70.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

71.     This paragraph contains factual characterizations and conclusions.  Defendants state that the photograph is the best evidence of its own contents and deny all other characterizations.

    B.    People with Disabilities Suffer Harm as a Direct Result of the Increasingly Inaccessible Services at Issue.

72.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

73.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

74.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

75.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

76.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

77.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

78.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

79.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

80.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

81.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

82.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants admit that DDOT funds training for cyclists and deny the allegations in this paragraph.

C.     <u>DCCIL Struggles to Operate its Transportation Service Throughout the District because of the Increasingly Inaccessible Services at Issue</u>

83.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

84.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

85.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

86.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

87.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

88.     Defendants lack sufficient information to admit or deny the allegations in the first sentence of this paragraph.  The second sentence contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in the second sentence.

89.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

90.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

91.    This paragraph contains legal conclusions.  Defendants state that the cited regulation is the best evidence of its own contents, and Defendants deny the allegations in this paragraph.

92.    This paragraph contains factual characterizations and legal conclusions. Defendants state that the cited guidelines are the best evidence of their own contents, and, to the extent a response is required, Defendants deny the allegations in this paragraph.

93.    This paragraph contains legal conclusions.  Defendants state that the cited regulation and opinion are the best evidence of their own contents, and Defendants deny the allegations in this paragraph.

94.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

II.    There is a Lack of Accessible Public Parking Spaces Outside of the Central Business District

95.    This paragraph cites to a website.  Defendants state that the website is the best evidence of its own contents, and deny all other characterizations.

96.    Defendants admit there are hundreds of thousands of unmetered on-street parking spaces in the District.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph in light of the vague phrase "managed and maintained."

97.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph. This paragraph also contains a footnote citing a website.  Defendants state that the website is the best evidence of its own contents, and deny all other characterizations.

98.     The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

99.      This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

100.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

101.     Defendants admit that Ed Hanlon contacted DDOT about 17th Street.  Defendants state that those communications are the best evidence of their contents, and deny all other characterizations.  This paragraph also contains factual characterizations.  To the extent a response is required, Defendants deny the allegations in this paragraph.

102.     Defendants lack sufficient information to admit or deny that the referenced email exists.  If the referenced email exists, to the extent a response is required, Defendants state that the quoted email is the best evidence of its contents and deny all other characterizations.

103.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants state that the referenced email is the best evidence of its contents and deny the allegations in this paragraph.

104.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants state that the referenced email is the best evidence of its contents and deny the allegations in this paragraph.

105.     Defendants lack sufficient information to admit or deny that the referenced email exists.  If the referenced email exists, to the extent a response is required, Defendants state that the quoted email is the best evidence of its contents and deny all other characterizations.

106.    Defendants lack sufficient information to admit or deny that the referenced email exists.  If the referenced email exists, to the extent a response is required, Defendants state that the quoted email is the best evidence of its contents and deny all other characterizations.

107.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants state that the referenced email is the best evidence of its contents and deny all other characterizations.

108.    Defendants admit that Everett Lott participated in a virtual town hall on January 25, 2022. Defendants state that his remarks are the best evidence of their own contents and deny all other characterizations.  The footnote in paragraph 116 cites a YouTube video.  Defendants state that the video is the best evidence of its contents and deny all other characterizations.

109.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

110.    Defendants admit that Regina Arlotto sent an email to Brian Romanowski on June 23, 2021.  Defendants state that those communications are the best evidence of their contents, and deny all other characterizations.  This paragraph also contains factual characterizations.  To the extent a response is required, Defendants deny the allegations in this paragraph.

111.    Defendants lack sufficient information to admit or deny that the referenced email exists.  If the referenced email exists, to the extent a response is required, Defendants state that the quoted email is the best evidence of its contents and deny all other characterizations.

112.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants state that the referenced email is the best evidence of its contents and deny all other characterizations.

113.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants deny the allegations in this paragraph.

114.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants deny the allegations in this paragraph.

115.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

116.    Defendants admit that Everett Lott participated in a virtual town hall on January 25, 2022.  Defendants state that his remarks are the best evidence of their own contents and deny all other characterizations.  The footnote cites a YouTube video.  Defendants state that the video is the best evidence of its contents and deny all other characterizations.

117.    This paragraph contains factual characterizations and conclusions.  Defendants state that the referenced communications are the best evidence of their contents.  To the extent a response is required, Defendants deny the allegations in this paragraph.

118.    This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

119.    Defendants admit the allegations in this paragraph.

120.    Defendants admit that the Red Top Meter program provides spaces where individuals with disabilities can park.  Defendants deny the remaining allegations in this paragraph.

121.    Defendants admit that as of March 2020 there were approximately 370 Red Top parking meter spaces in the CBD and approximately 30 Red Top parking meter spaces in the Stadium Event Zone.  The footnote contains a link to frequently asked questions about the

District's accessible meters.  To the extent a response is required, Defendants state that the document is the best evidence of its contents and deny all other characterizations.

122.    This paragraph contains factual characterizations and legal conclusions.  To the extent this paragraph quotes a DDOT document, Defendants state that the document is the best evidence of its contents and deny all other characterizations.  To the extent a response is required to any other allegations in this paragraph, Defendants deny the allegations.

123.    This paragraph contains factual characterizations and conclusions.  Defendants state that the photograph is the best evidence of its own contents and deny all other characterizations and allegations.

124.     This paragraph contains factual characterizations and conclusions.  Defendants state that the photograph is the best evidence of its own contents and deny all other characterizations and allegations.

125.    This paragraph contains factual characterizations and conclusions.  Defendants state that the photograph is the best evidence of its own contents and deny all other characterizations.

126.    This paragraph contains factual characterizations and conclusions.  Defendants state that the photograph is the best evidence of its own contents and deny all other characterizations and allegations.

127.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants deny the allegations in this paragraph.

128.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants state that the quoted oversight question response is the best evidence of its contents and deny all other characterizations.

129.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

III.    <u>Plaintiffs Are Negatively Impacted by Defendants' Failure to Make the Services at Issue Accessible.</u>

A.    <u>DCCIL</u>

130.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

131.    Defendants deny the allegation that the District has failed to provide the Services at Issue.  Defendants lack sufficient information to admit or deny the other allegations in this paragraph.

132.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

133.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

134.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

135.    Defendants deny the allegation that they have taken any discriminatory actions. The allegation that one or more DCCIL consumers would have standing to sue in their own right is a legal conclusion.  To the extent a response is required, Defendants deny the allegation. Defendants lack sufficient information to admit or deny the other allegations in this paragraph.

136.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

137.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in this paragraph.

18

138.     This paragraph contains legal conclusions.  To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in this paragraph.

        B.     <u>DECAA</u>

139.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

140.     Defendants deny the allegation that DECAA members are at serious risk of injury because DDOT has failed to provide the Services at Issue.  Defendants lack sufficient information to admit or deny the other allegations in this paragraph.

141.     This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

142.     This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

143.     This paragraph contains legal conclusions.  To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in this paragraph.

144.     This paragraph contains legal conclusions.  To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in this paragraph.

145.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

146.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

147.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

148.    Defendants lack sufficient information to admit or deny the allegations in this paragraph concerning Ms. Bedard.  Defendants deny the remaining allegation in this paragraph.

149.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

150.    Defendants lack sufficient information to admit or deny the allegations in this paragraph concerning Ms. Bedard.  The remaining allegations in this paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations.

C.    <u>Dana Bolles</u>

151.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

152.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

153.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

154.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

155.    Defendants lack sufficient information to admit or deny the allegations in this paragraph concerning Ms. Bolles.  Defendants admit that the District has used a design for bicycle lanes where the bicycle lane is located between the sidewalk and the parking spaces but deny all other allegations.

156.    Defendants lack sufficient information to admit or deny the other allegations in this paragraph.

157.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

158.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants deny the allegations.

D.     Teodosia "Tessie" Robinson

159.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

160.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

161.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

162.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

163.    Defendants lack sufficient information to admit or deny the other allegations in this paragraph.

164.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

165.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

**COUNT I**
**VIOLATIONS OF TITLE II OF**
**THE AMERICANS WITH DISABILITIES ACT**
**(As to MURIEL BOWSER)**

166.    This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendants.  Defendants restate their responses to the preceding and subsequent paragraphs as if fully incorporated.

167.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

168.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

169.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

170.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

171.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

172.    This paragraph contains factual characterizations and legal conclusions. Defendants state that *Frame v. City of Arlington*, 657 F.3d 215, 226 (5th Cir. 2011), is the best evidence of its contents and deny all other characterizations.

173.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

174.    Defendants deny the allegation that there are barriers to access.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

175.    Defendants deny the allegation that there are mobility-related barriers. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

176.    This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

177.    Defendants deny the allegations in this paragraph.

178.    Defendants deny the allegation that barriers to the Services at Issue exist. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

179.    Defendants deny that they have discriminated against Plaintiffs in any way. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

180.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

181.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

182.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

183.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

184.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, the District lacks sufficient information to admit or deny the allegations in this paragraph.

<u>Law and Necessity of Remedy</u>

185.    Defendants state that 42 U.S.C. § 12133 is the best evidence of its contents and deny any other characterizations.

186.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Further, Defendants state that 42 U.S.C. § 12132 and 28 C.F.R. Part 35 are the best evidence of their contents and deny all other characterizations.

187.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

188.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Further, Defendants state that 28 C.F.R. § 35.130(b)(1) and 28 C.F.R. § 35.130(b)(3) are the best evidence of their contents and deny all other characterizations.

189.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Further, Defendants state that 42 U.S.C. § 12132 is the best evidence of its contents and deny all other characterizations.

190.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in the paragraph.

191.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

192.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny any allegations that District staff or employees did not comply with the law.

193.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

194.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

195.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

196.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

197.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

198.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to recover injunctive and declaratory relief, attorney's fees, and costs and litigation expenses.

199.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

200.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Defendants state that 42 U.S.C. § 12131 is the best evidence of its contents and deny all other characterizations.

## COUNT II
## VIOLATION OF THE REHABILITATION ACT
### (As to the DISTRICT OF COLUMBIA)

201.    This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendants.  Defendants restate their responses to the preceding and subsequent paragraphs as if fully incorporated.

202.    This paragraph contains factual allegations and legal conclusions.  To the extent a response is required, Defendants deny the allegations.

203.    Defendants submit that 29 U.S.C. § 794(a) is the best evidence of its own contents and deny all other characterizations.

204.     This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

205.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

206.     Defendants admit the allegations in this paragraph.

207.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

208.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

209.     This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny any allegations that District staff or employees did not comply with the law.

210.     This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

211.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

212.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

213.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Further, Defendants state that the Rehabilitation Act and the accompanying regulations are the best evidence of their contents and deny all other characterizations.

214.     This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Further, Defendants state that 29 U.S.C. § 794(b) is the best evidence of its contents and deny all other characterizations.

215.     This paragraph contains legal conclusions.  Defendants state that 29 U.S.C. § 794(a) is the best evidence of its own contents and deny all other characterizations.

**COUNT III**
**VIOLATION OF THE DC HUMAN RIGHTS ACT**
**(As to the DISTRICT OF COLUMBIA)**

216.     This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendants.  Defendants restate their responses to the preceding and subsequent paragraphs as if fully incorporated.

217.     Defendants state that D.C. Code § 2-1402.01 is the best evidence of its contents and deny all other characterizations.

218.     Defendants state that D.C. Code § 2-1402.73 is the best evidence of its contents and deny all other characterizations.

219.     Defendants state that D.C. Code § 2-1402.73 is the best evidence of its contents and deny all other characterizations.

220.     Defendants state that D.C. Code § 2-1401.02(5A) is the best evidence of its contents and deny all other characterizations.

221.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

222.     Defendants admit the allegations in this paragraph.

223.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

224.    This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, Defendants deny the allegations in this paragraph.

225.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

226.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

227.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

228.    This paragraph contains legal conclusions.  Defendants state that D.C. Code § 2-1403.13(a)(1)(E) is the best evidence of its own contents and denies all other characterizations.

229.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

**RELIEF DEMANDED**

Defendants deny that Plaintiffs are entitled to any equitable, declaratory, or monetary relief, including any form of relief sought in this section, as enumerated in paragraphs A through G, or elsewhere.  Defendants request judgment in their favor and such additional relief as the Court may deem proper.

**JURY DEMAND**

Defendants demand a jury trial on all issues and claims triable by jury in this case.

Date: October 24, 2024.                          Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

28

*/s/ Matthew R. Blecher*

MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*

HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Helen M. Rave*

HELEN M. RAVE [90003876]
AMANDA C. PESCOVITZ [1735780]
DAVID WASSERSTEIN [1736006]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 735-7520
Email: helen.rave@dc.gov

*Counsel for Defendants*