UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

```
-------------------------------------------------x
DC CENTER FOR INDEPENDENT          :
LIVING; DUPONT EAST CIVIC ACTION   :
ASSOCIATION, DANA BOLLES,          :
THEODOSIA ROBINSON,                :        CIVIL ACTION
                                   :
            Plaintiffs,            :        CASE NO.: 1 :22-cv-03541-JMC
                                   :
vs.                                :        JUDGE COBB
                                   :
DISTRICT OF COLUMBIA; and          :
MURIEL BOWSER, in her official     :
capacity,                          :
                                   :
            Defendants.            :
-------------------------------------------------x
```

**MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY BY SANDRA MARKS**

VLADECK, RASKIN & CLARK, P.C.
Maia Goodell
mgoodell@vladeck.com
Demitrios Kalomiris, admitted *pro hac vice*
jkalomiris@vladeck.com
111 Broadway, Suite 1505
New York, New York 10006
T: (212) 403-7327; F: (212) 221-3172

***and***

BIZER & DEREUS, LLC
Andrew D. Bizer, admitted *pro hac vice*
andrew@bizerlaw.com
Garret S. DeReus, admitted *pro hac vice*
gdereus@bizerlaw.com
Eva M. Kalikoff, admitted *pro hac vice*
eva@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: (504) 619-9999; F: (504) 948-9996

## TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………………..ii

TABLE OF AUTHORITIES……………………………………………………………..iii

FACTS……………………………………………………………………………………1

LAW / ANALYSIS………………………………………………………………………3

   1)   **Defendants' Disclosure as to Ms. Marks is Inadequate and Defendants Have Refused to Provide Specificity** ........................................................................................................ 5

      A.   Transportation Planning ........................................................................... 5

      B.   Ms. Mark's Disclosure that She "Might Opine on Feasibility"................ 6

      C.   The District's "Efforts to Best Accommodate." ....................................... 7

      D.   Competing Needs for Public Space ......................................................... 7

   2)   **Defendants' Inadequate Disclosures are Prejudicial, and the Result Should be Exclusion** ................................................................................................................. 8

CONCLUSION……………………………………………………...…………………........9

# TABLE OF AUTHORITIES

## Cases

*Beane v. Utility Trailer Manufacturing Co.*,
　　2013 WL 1344763 (W.D.La. Feb.25, 2013) ..................................................... 3

*Downey v. Bob's Discount Furniture Holdings, Inc.*,
　　633 F.3d 1 (1st Cir. 2011) .................................................................................. 3

*Emerson Elec. Co. v. Suzhou Cleva Elec. Appliance Co.*,
　　2015 WL 8770712 (E.D. Mo. Dec. 15, 2015) .............................................. 5, 6

*Hoover v. United States Dep't of the Interior*,
　　611 F.2d 1132 (5th Cir. 1980) ........................................................................... 8

*Izquierdo v. Certain Underwriters at Lloyd's London*,
　　2021 WL 3197008 (11th Cir. July 29, 2021) ..................................................... 5

*Johnson v. H.K. Webster, Inc.*,
　　775 F.2d 1 (1st Cir. 1985) .................................................................................. 8

*Katz v. United States*,
　　2021 WL 5202414 (N.D. Fla. Nov. 9, 2021) ..................................................... 4

*Knighton v. Lawrence*,
　　2016 WL 4250484 (W.D. Tex. Aug. 9, 2016) .................................................... 8

*Little Hocking Water Assoc., Inc. v. E .I. DuPont de Nemours and Co.*,
　　2015 WL 1105840 (S.D.Ohio Mar.11, 2015) .................................................... 4

*Macaulay v. Anas*,
　　321 F.3d 45 (1st Cir. 2003) ................................................................................ 8

*Romero v. Drummond Co.*,
　　552 F.3d 1303 (11th Cir. 2008) ......................................................................... 5

*Skyeward Bound Ranch*,
　　2011 WL 2162719 (W.D. Tex. June 1, 2011) ................................................... 3

*Vanderlaan v. Ameriprise Auto & Home Ins.*,
　　2021 WL 4441518 (D. Colo. Sept. 28, 2021) ................................................... 4

*Wilson v. Bradlees of New England, Inc.*,
　　250 F.3d 10 (1st Cir. 2001) ............................................................................... 8

**<u>Rules</u>**

*Fed. R. Civ. P. 26(a)(2)(B) .......................................................................... 3

Fed. R. Civ. P. 37(c)(1)................................................................................ 5

Plaintiffs move this Court to exclude the expert testimony of Ms. Sandra Marks, Chief Transportation Planning Officer of the District Department of Transportation ("DDOT"), whom Defendants have disclosed as a non-retained expert. Defendants have failed to meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(C), which mandates a clear summary of facts and opinions to which the witness will testify. Defendants' disclosure is impermissibly vague because it merely identifies broad subject areas without specifying Ms. Marks' actual opinions or their factual bases. This inadequacy prevents Plaintiffs from preparing effective cross-examination and threatens "trial by ambush," precisely what the disclosure requirements are designed to prevent.

For the reasons set forth below, under Rule 37, the consequence of Defendants' inadequate disclosure should be the exclusion of Ms. Marks as a non-retained expert. This result is not particularly harsh given that Defendants can still call Ms. Marks as a fact witness.

Solely in the alternative, should this Court require that Defendants provide a supplemental/amended disclosure as to Ms. Marks, Plaintiffs request that (1) said disclosure also be provided to the Court, and (2) if said disclosure is adequate and cures the deficiency, then Plaintiffs should be provided with an opportunity to take Ms. Marks' deposition.

## FACTS

As this Court is aware, this is a case under the Americans with Disabilities Act concerning on-street parking and the impact of Protected Bicycle Lanes on people with disabilities in the District. Plaintiffs allege, among other things, that there is inadequate quantity of on-street parking, that the parking that is available is inaccessible to persons with disabilities, and that Defendants' ongoing efforts to install Protected Bicycle Lanes have decreased accessibility for persons with disabilities. Fact discovery in this case is complete. The deadline for the parties to provide expert

1

disclosures was March 28, 2025, but this deadline was moved to April 4, 2025.[1] The close of expert

discovery remains June 13, 2025.[2]

On April 4, 2025, Defendants disclosed that they intended to call Ms. Sandra Marks as a

non-retained expert, and they provided a purported non-retained expert disclosure.[3] In their

disclosure, Defendants identified Ms. Marks as the Chief Transportation Planning Officer of

DDOT and described her professional background, including her oversight of five DDOT divisions

and her previous positions as Deputy Director of Transportation for the City of Alexandria and

Capital Projects Manager for Montgomery County, Maryland.[4]

Nowhere in the disclosure did Defendants disclose that nature of Ms. Mark's expertise,

what expert opinions she would offer, or provide a summary of the facts and opinions that

Ms. Marks would offer.

Given the wholly inadequate nature of this disclosure, on Friday, April 11, 2025, Plaintiffs'

counsel sent defense counsel correspondence on the inadequate nature of Defendants' disclosure

as to Ms. Marks and requested that Defendants provide a supplement.[5] The purpose of this

correspondence was to avoid unnecessary briefing to this Court. Plaintiffs raised objections to the

inadequate nature of the disclosure. On May 2, 2025, Defendants provided a minimal supplemental

disclosure as to Ms. Marks, which remains inadequate.[6] Even as amended, the disclosure identifies

only general topics of testimony and fails to give the opinions Ms. Marks will give. For example,

it states that Ms. Marks will testify about "considerations that go into transportation planning," but

---

[1] See R. Doc. 37 & Minute Order dated 3/28/25.
[2] *Id.*
[3] See Ex. "A", Defendant's Disclosure of Expert Testimony; see also Affidavit of Garret DeReus ("DeReus Aff.")
[4] See Ex. "A."
[5] See DeReus Aff.
[6] See Ex. "B.", Defendant's Amended Disclosure of Expert Testimony.

fails to state what those considerations are or how they apply to the issues in this case.[7]

Nowhere in either disclosure did Defendants disclose that Ms. Marks intends on providing expert testimony on any of the following:

- What accessibility standard should apply to on-street parking and bicycle lanes;

- How many accessibility parking spaces should be located in the District, or within specific areas;

- How accessible on-street parking should be configured;

- Whether, why, or how Defendants' existing on-street parking is currently accessible to persons with disabilities;

- Why Defendants have not expanded the use of accessible on-street parking in the District;

- Whether, why, or how the provision of more accessible on-street parking would constitute an "undue burden."

Given that Defendants' non-retained expert disclosure as to Ms. Marks is still grossly inadequate, this motion to exclude expert testimony from Ms. Marks follows.

## LAW/ANALYSIS

Rule 26(a)(2)(B) by its terms provides that a party must file an expert report if the witness was "retained or specially employed to provide expert testimony." Under the current rule, "[t]he delineation between a 26(a)(2)(B) expert and a 26(a)(2)(C) expert is whether the expert has 'first-hand factual knowledge of [the] case so as to escape the requirement that he submit a full expert report.'" *Beane v. Utility Trailer Manufacturing Co.*, 2013 WL 1344763, at *3 (W.D.La. Feb.25, 2013) (quoting *Skyeward Bound Ranch*, 2011 WL 2162719, at *2 (W.D. Tex. June 1, 2011). See also *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir.2011) (holding that

---

[7] See Ex. "B."

Rule 26(a)(2)(B)'s designation of an expert who was "retained or specially employed" turned on "the difference between a percipient witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provided expert testimony.").

Even as to non-retained experts, however, an adequate disclosure must be provided. Federal Rule of Civil Procedure 26(a)(2)(C) provides that the written disclosure must include "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

For a non-retained expert, the disclosure must express clearly some expected opinion. *Katz v. United States*, No. 3:21-cv-254-MCR-EMT, 2021 WL 5202414, at *2 (N.D. Fla. Nov. 9, 2021) ("[T]he disclosures must at a minimum express clearly some expected opinion and state in basic terms the nature of the "injuries," "aggravations," and "pre-existing conditions" found to exist."). The summary referenced in Federal Rules of Civil Procedure 26(a)(2)(C) means "a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case." *Little Hocking Water Assoc., Inc. v. E .I. DuPont de Nemours and Co.*, No. 2:09–cv–1081, 2015 WL 1105840, at *9 (S.D.Ohio Mar.11, 2015). The disclosure must outline the main points of the anticipated testimony and obviate the danger of unfair surprise regarding the factual and opinion testimony of the non-retained expert. See *Vanderlaan v. Ameriprise Auto & Home Ins.*, No. 20-CV-00191-PAB-STV, 2021 WL 4441518, at *6 (D. Colo. Sept. 28, 2021) (internal quotations omitted). Thus, a disclosure that "merely stat[es] the topic that will be discussed at a high level and/or identif[ies] documents containing information consistent with the opinion testimony to be offered" is insufficient. *Emerson Elec. Co.*

4

*v. Suzhou Cleva Elec. Appliance Co.*, No. 4:13CV1043SPM, 2015 WL 8770712, at *2 (E.D. Mo. Dec. 15, 2015).

If a party fails to properly disclose an expert witness under Rule 26(a), the party may not use the witness "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Factors relevant to the determination of whether exclusion of a witness is warranted include 'the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party if the witness had been allowed to testify.' " *Izquierdo v. Certain Underwriters at Lloyd's London*, No. 20-13772, 2021 WL 3197008, at *4 (11th Cir. July 29, 2021) (quoting *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008)).

1)     ***Defendants' Disclosure as to Ms. Marks is Inadequate and Defendants Have Refused to Provide Specificity.***

Defendants' expert disclosure as to Ms. Marks is grossly inadequate. Defendants have not provided specificity on what opinion testimony Ms. Marks intends on offering or the facts on which she is intended to rely. At best, Defendants provided four "subject matter" areas. As a threshold matter, given that no further subject matters are disclosed, this Court should not permit Ms. Marks to offer expert testimony beyond these four areas.

Even as to these four subject matters, however, the Court should prohibit Defendants from offering expert opinion testimony given the inadequate disclosure.

A.   *Transportation Planning*

Defendants disclose that one subject Ms. Marks may offer expert testimony on is transportation planning, and they offer one fact, namely, that the district is a "constrained urban environment:"

> "Ms. Marks is expected to present evidence about the transportation
> planning process in the District of Columbia and the considerations that go
> into transportation planning in the District of Columbia, including
> transportation planning related to bicycle lanes and on-street parking

> spaces. Ms. Marks is expected to provide testimony explaining that the District of Columbia is a constrained urban environment with limited street and curbside space."[8]

Plaintiffs and the Court are provided with no further disclosure as what opinions Ms. Marks intends on offering concerning "transportation planning," or the facts that underlie those opinions. Does transportation planning impact the quantity of ADA parking? The location? The configuration of parking spaces? Planning as to the configuration of bicycle lanes? All of the above? And what are the so-called "considerations"?

Without some level of specificity, Plaintiffs are left to guess. As is set forth above, a non-retained expert disclosure must outline the main points of the anticipated testimony. Here, in contrast, Defendants have merely stated, at a high level, that the topic of transportation planning will be discussed, which is insufficient. *Emerson Elec. Co.*, 2015 WL 8770712, at *2. Nor have Defendants outlined the facts that underlie this opinion. Defendants have produced over 40,000 pages of documents in discovery. Plaintiffs should not be forced to guess and speculate what opinions Ms. Marks might offer, and what facts might be relied upon.

B.  *Ms. Mark's Disclosure that She "Might Opine on Feasibility"*

The disclosure also indicated Ms. Marks might "opine on the feasibility" of alternative designs or specific proposals that might arise during the case proceedings.[9] From this, it does not appear that Ms. Marks has even formed opinions that can be disclosed. If these opinions have already been formed, they need to be disclosed.

It is patently inequitable for Defendants to say, "our non-retained expert may come up with opinions at a later date." That does not provide Plaintiffs with an opportunity to conduct a deposition or prepare for trial. Moreover, it would give an advantage to a party who discloses that

---

[8] See Ex. "B."
[9] See Ex. "B."

hypothetical future opinions are forthcoming as they could simply have their experts wait to produce an opinion until the eve of trial, at which point it would be too late to conduct discovery.

The deadline for Defendants to make disclosures as to expert opinions was April 4, 2025.[10] The Court should hold Defendants to that deadline. To the extent Defendants desire to offer new opinions after that deadline, they should be obligated to request a modification of the Scheduling Order from this Court.

C.  *The District's "Efforts to Best Accommodate."*

Defendants disclosed that, "Ms. Marks is expected to discuss the District's efforts to best accommodate multiple uses within the streetscape; that is, access for pedestrians, bicyclists, and vehicles within a finite urban space."[11] This is grossly insufficient.

Defendants do not disclose what it means for the District to engage in "efforts to best accommodate", and Defendants do not outline the main points of the anticipated testimony. Plaintiffs have no idea what testimony would be adduced from Ms. Marks as to this subject matter. What "efforts" have Defendants engaged in? Is this expert engineering testimony? City planning testimony? Architectural testimony? Nor are Plaintiffs provided with the facts that Ms. Marks intends to rely on, or which of the 100,000+ pages of documents Ms. Marks might reference. It is unreasonable for Plaintiffs to have to speculate and guess which facts or documents Ms. Marks might rely upon when she offers her undisclosed expert opinions on the District's "efforts to best accommodate[.]"

D.  *Competing Needs for Public Space.*

Finally, Defendants stated that "Ms. Marks is also expected to provide evidence about the

---

[10] See Minute Order dated 3/28/25.
[11] See Ex. "B."

competing needs for public space in the District."[12] Defendants do not say what opinions will be offered, what those "competing needs" are, how the "competing needs" impact bicycle lanes or on-street parking, or the configuration of accessible on-street parking spaces. Again, this disclosure is simply inadequate.

    **2)**    <u>***Defendants' Inadequate Disclosures are Prejudicial, and the Result Should be Exclusion.***</u>

"The purpose of requiring a 'summary of the facts and opinions' is to permit the opposing party to prepare an effective cross-examination." *Knighton v. Lawrence*, No. SA-14-CV-718-XR, 2016 WL 4250484, at *3 (W.D. Tex. Aug. 9, 2016) (quoting *Hoover v. United States Dep't of the Interior*, 611 F.2d 1132, 1142 (5th Cir. 1980)). The goal of Rule 26(a) is to promote full disclosure of the facts and prevent "trial by ambush," because opposing counsel cannot adequately cross-examine without advance preparation. *Macaulay v. Anas*, 321 F.3d 45, 50, 52 (1st Cir.2003); see *Johnson v. H.K. Webster, Inc.*, 775 F.2d 1, 6–7 (1st Cir.1985).

As is set forth above, Rule 37 requires exclusion unless the party facing sanctions can show that the failure to comply was justified or harmless. *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20–21 (1st Cir.2001).

Here, given the inadequate disclosure, Plaintiffs cannot meaningfully prepare for an expert deposition or cross examination of Ms. Marks. Plaintiffs cannot prepare to ask Ms. Marks about her expert opinions as those opinions—and the facts on which they are based—have not yet been disclosed. Nor can Plaintiffs meaningfully look through the 40,000+ pages of discovery materials and select the right documents in advance of the deposition or cross examination without first knowing what opinions Ms. Marks might offer.

Here, the remedy for Defendants' non-compliance should be exclusion of Ms. Marks as a

---

[12] See Ex. "B."

non-retained expert. This remedy is justified given that Plaintiffs previously provided Defendants with an opportunity to cure their inadequate disclosure. Despite this opportunity, Defendants still chose to provide a hopelessly opaque disclosure. Having already had a second chance, this Court should not give Defendants a third. Their failure was neither justified nor harmless.

Nor is this result particularly harsh. Defendants can still call Ms. Marks as a fact witness. The only significance is that Ms. Marks would be prohibited from offering broad expert opinion testimony. Ms. Marks would still be able to offer fact testimony as to occurrences within the DDOT, what programs she has worked on, her work related to on-street parking, etc.

Finally, and solely in the alternative, should this Court require that Defendants provide a supplemental/amended disclosure as to Ms. Marks, Plaintiffs request that (1) said disclosure also be provided to the Court, (2) if said disclosure is adequate and cures the deficiency, then Plaintiffs should be provided with an opportunity to take Ms. Marks' deposition.

## **<u>CONCLUSION</u>**

For the reasons set forth above, the Court should prohibit Ms. Marks from offering expert testimony or opinions at trial or on any summary judgment briefing.

Respectfully Submitted,

/s/ Maia Goodell
VLADECK, RASKIN & CLARK, P.C.
Maia Goodell
mgoodell@vladeck.com
Demitrios Kalomiris, admitted *pro hac vice*
jkalomiris@vladeck.com
111 Broadway, Suite 1505
New York, New York 10006
T: (212) 403-7327; F: (212) 221-3172

***and***

/s/ Garret S. DeReus
BIZER & DEREUS, LLC
Andrew D. Bizer, admitted *pro hac vice*

9

andrew@bizerlaw.com
Garret S. DeReus, admitted *pro hac vice*
gdereus@bizerlaw.com
Eva M. Kalikoff, admitted *pro hac vice*
eva@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: (504) 619-9999; F: (504) 948-9996

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of May 2025 a true and correct copy of the foregoing has been furnished by ECF filing to all counsel of record via email.


By: */s/ Maia Goodell*